SHOOK *v.* MARION MANUFACTURING CO.

1. BROKERS — CONTRACTS—SALES—MACHINERY—COMMISSIONS—RE-
SALES.

A season contract of agency in writing for the sale of threshing
machinery, which by its terms ends September 30th of the
season, and provides that no commissions shall be paid for the
sale of secondhand machinery once before sold by the agent,
has no reference to commissions for the second sale of ma-
chines which had once been sold by the agent before the date
of the contract.

2. SAME.

A similar contract for a prior year in existence when the ma-
chinery was first sold would not deprive the agent of his com-
mission for its subsequent sale after that contract had expired.

3. SAME—ORAL AGREEMENT.

A provision in such written contract forbidding its change un-
less approved in writing by the principal does not invalidate
an oral agreement for commissions on sales not within its
terms.

4. APPEAL AND ERROR — IMMATERIAL ERRORS — JUDGMENT RIGHT
ON MERITS.

Alleged errors in the rulings admitting testimony will not be
considered where, in any view that may be taken of the case,
a verdict should have been directed for defendant in error.

Error to Bay; Shepard, J. Submitted November 17,
1904. (Docket No. 112.) Decided December 14, 1904.

Assumpsit by Helen M. Shook against the Marion Man-
ufacturing Company for commissions on the sale of certain
machinery. There was judgment for plaintiff on a ver-
dict directed by the court, and defendant brings error.
Affirmed.

*Lee E. Joslyn,* for appellant.
*Pierce & Kinnane,* for appellee.

CARPENTER, J.   By direction of the trial court, plaintiff recovered a verdict for commissions claimed to have been earned by her in July, 1901, by making a sale of a threshing machine for defendant.   This threshing machine was a secondhand one.   It had once before, namely, in 1899, been sold by plaintiff, as defendant's agent, to one Daniel Dean.   Dean did not fully pay for it, and defendant reacquired title by the foreclosure of a purchase-money chattel mortgage.   For said sale to Dean, plaintiff did not receive, and does not claim, any commission.

Plaintiff effected the second sale of this machine—the sale for which she claims commission in this suit—under a verbal agreement with defendant's general agent that she should receive her regular commission; that is, the commission provided in a written contract between the parties. Upon the assumption that this verbal agreement was of binding force, the trial court directed a verdict in plaintiff's favor.

The principal ground upon which defendant asks us to reverse the judgment is that, by a written contract between the parties, plaintiff was not entitled to compensation for making a sale of secondhand machines once sold by her, except under conditions which did not exist in this case.   The only written contract set forth in the record bears date December 5, 1900, and was for the season ending September 30, 1901.   If this contract should be construed as claimed by defendant—and this is by no means certain—it has no application to the sale in question. That contract has no reference to plaintiff's commissions for the second sale of machines which had once been sold by plaintiff before the date of this contract.

Neither can we say from the record that the contract with defendant under which plaintiff acted when she first sold the machine in question, namely, when she sold it to Daniel Dean, deprived her of commissions in the event of its being returned and resold.

Defendant contends that a provision in the written contract between the parties forbidding its change, unless

such change was approved in writing by defendant, applied to and prohibited the verbal agreement between its agent and plaintiff respecting the commissions in suit. Our conclusion, already stated, that this written contract had no reference to the sale in question, sufficiently shows that, in our judgment, the verbal agreement under consideration was not a change of said written contract. Nor does it appear to be a change of any other written contract.

Complaint is made of rulings admitting testimony. We do not consider these complaints, because, in any view that may be taken of the case, it was the duty of the trial court to direct a verdict for plaintiff.

Judgment is affirmed, with costs.

The other Justices concurred.